# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANCISCO ISLAS,

    Plaintiff,

v.

US BANK TRUST NATIONAL ASSOCIATION,

    Defendant.

Case No. 2:13-cv-00379-LDG (PAL)

**ORDER**

    The plaintiff, Francisco Islas, has filed a complaint alleging the misrepresentation of the "ownership and proper assignments" of a Deed of Trust he (and an unknown person) signed. The defendant, US Bank Trust National Association (US Bank) moves to dismiss for failure to state a claim (#6), and further move to expunge (#7) an "Affidavit of Fact" that Islas had recorded against the underlying property. Islas has filed an opposition (#9) to the motion to dismiss.

Motion to Dismiss

    The defendant's motion to dismiss, brought pursuant to Fed. R. Civ. P. 12(b)(6), challenges whether the plaintiff's complaint states "a claim upon which relief can be granted." In ruling upon this motion, the court is governed by the relaxed requirement of

Rule 8(a)(2) that the complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." As summarized by the Supreme Court, a plaintiff must allege sufficient factual matter, accepted as true, "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Nevertheless, while a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*, at 555 (citations omitted). In deciding whether the factual allegations state a claim, the court accepts those allegations as true, as "Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Further, the court "construe[s] the pleadings in the light most favorable to the nonmoving party." *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F3.d 895, 900 (9th Cir. 2007).

However, bare, conclusory allegations, including legal allegations couched as factual, are not entitled to be assumed to be true. *Twombly*, 550 U.S. at 555. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal* 556 U.S. ___, 129 S.Ct. 1937, 1949 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.,* at 1950. Thus, this court considers the conclusory statements in a complaint pursuant to their factual context.

To be plausible on its face, a claim must be more than merely possible or conceivable. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief." *Id.*, (citing Fed. R. Civ. Proc. 8(a)(2)). Rather, the factual allegations must push the claim "across the line from conceivable to plausible." *Twombly.*

2

550 U.S. at 570.  Thus, allegations that are consistent with a claim, but that are more likely explained by lawful behavior, do not plausibly establish a claim.  *Id.*, at 567.

At the time Islas filed his complaint, he was acting *pro se*.  Although allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519 (1972), sweeping conclusory allegations do not suffice, *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

US Bank's motion, to which it has attached documents concerning the Deed of Trust, points out several distinct flaws in the complaint, each of which must be corrected before this matter may proceed.  First, as suggested in the complaint and confirmed in the documents submitted by US Bank, Islas is not the only individual to sign the deed of trust.  Rather, a Carmen Islas also signed the Deed of Trust, which secured a loan that they obtained from CitiMortgage Inc.  Thus, it would appear that Carmen Islas is an indispensable party to this litigation.

Second, as charitably stated by US Bank, the complaint is hardly a model of clarity.  US Bank has gleaned from the complaint that it appears Islas is attempting to bring a claim for misrepresentation.  It also appears that Islas is requesting injunctive and declaratory relief.  US Bank suggests in its motion that the chain of title is accurately reflected in the documents of public record.  Further, US Bank argues, accurately, that Islas has not pled any allegations of fact in support of any of the elements of a prima claim for misrepresentation.  Finally, US Bank also correctly argues that Islas has failed to allege his claim of misrepresentation with the requisite specificity required as to time, place, content and the parties involved in the alleged misrepresentation.

In opposition, Islas merely provides a blanket argument that Rule 8(a) merely requires a sort and plain statement showing that he is entitled to relief.  While Islas is correct as to the requirements of Rule 8(a), he has not shown or made any argument indicating how his complaint meets this standard (other than generally asserting that he

3

has complied).  While a plaintiff need only articulate a short and plain statement showing entitlement to relief, such short and plain statement must allege facts, and those facts must plausibly support the claim for which relief is sought.  *See, Twombly*, 550 U.S. at 570.  Islas has not alleged such facts.  Further, Rule 8(a) is not the only rule governing a claim for misrepresentation.  Rather, Rule 9(b) requires that Islas plead his claim for misrepresentation "with particularity" as to the circumstances.  Generally, such particularity requires allegations as to the time, place, content, and parties to an alleged misrepresentation.

As the defendant filed this action *pro se*, the Court will grant the motion but without prejudice to permit Islas to correct the deficiencies of his complaint.  Therefore,   THE COURT **ORDERS** that Defendant's Motion to Dismiss (#6) is GRANTED as follows: The complaint is DISMISSED without prejudice.

THE COURT FURTHER **ORDERS** that the plaintiff shall have fifteen days to file an amended complaint.

THE COURT FURTHER **ORDERS** that Defendant's Motion to Expunge Fugitive "Affidavit of Fact" from the County Records (#7) is GRANTED.

THE COURT FURTHER **ORDERS** the "Affidavit of Fact" recorded by the plaintiff regarding the property located at 4725 South Pearl Street, Las Vegas, NV 89121, is **CANCELLED** and **EXPUNGED**.

THE COURT **FURTHER ORDERS** that a copy of this Order may be recorded by the Clark County Recorder in the applicable chain of title.

DATED this ____ day of March, 2014.

Lloyd D. George
United States District Judge